1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeffrey B. Dubner (*pro hac vice*)
Nitin Shah (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Facsimile: (202) 701-1775
nshah@democracyforward.org
jdubner@democracyforward.org

Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs*

[Additional counsel on signature page]

MARY McLEOD
General Counsel
JOHN R. COLEMAN
Deputy General Counsel
LAURA M. HUSSAIN
Assistant General Counsel
LAWRENCE DeMILLE-WAGMAN
Senior Litigation Counsel
email: lawrence.wagman@cfpb.gov
CHRISTOPHER M. DEAL
Senior Litigation Counsel
Email: christopher.deal@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, D.C. 20552
Telephone: (202) 435-9582
Facsimile: (202) 435-7024


*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA REINVESTMENT COALITION, NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS, DEBORAH LYNN FIELD, and RESHONDA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>KATHLEEN L. KRANINGER, Director, Consumer Financial Protection Bureau, In Her Official Capacity and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | No. 4:19-cv-02572-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:   August 30, 2019<br>Time:   11:00 a.m.<br>Dept:   Courtroom 5, 2nd Floor<br>Judge:  Hon. Jeffrey S. White |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rule 16-9, the parties provide the following Case Management

Statement:

1.      Jurisdiction and Service: Plaintiffs believe that this Court has jurisdiction over this

action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331. The only jurisdictional issue that

Defendants may raise at this time is whether Plaintiffs have standing to bring their claims. Service

was properly effected as stated in ECF Nos. 20 and 23.

2.      Facts: On July 21, 2010, President Obama signed into law the Dodd-Frank Wall

Street Reform and Consumer Protection Act of 2010 (the "Act"). Section 1071 of the Act, 15 U.S.C.

§ 1691c-2, provided that financial institutions must "compile and maintain, in accordance with

regulations of the" Consumer Financial Protection Bureau ("CFPB" or the "Bureau"), data related to

loan applications submitted by women-owned, minority-owned, and small businesses, and the action

taken on those applications. *Id.* § 1691c-2(e). They must provide this data to CFPB, which is

required to make that data available publicly, in a form to be determined by CFPB regulations. *Id.* §

1691c-2(f). To date, CFPB has not issued any regulations to carry out these requirements, and thus

has not collected or published the data described in Section 1071. However, after the filing of this

lawsuit, the Bureau publicly announced that it will be engaged in pre-rulemaking activities within the

upcoming year. In April 2011, the General Counsel of the Bureau issued a letter to financial

institutions stating his conclusion that the obligations set forth in § 1691c-2(e) did not commence

until implementing regulations contemplated by § 1691c-2(f) were in place.

3.      Legal Issues: Plaintiffs filed suit on May 14, 2019, alleging that, based on the

undisputed facts set forth in Paragraph 2 above, Defendants have violated the Administrative

Procedure Act ("APA") in two ways. First, Plaintiffs allege that Defendants have unlawfully

withheld and unreasonable delayed agency action required by the act, violating 5 U.S.C. § 706(1).

Second, Plaintiffs allege that Defendants have set aside explicit statutory requirements imposed on

1

financial institutions and countermanded Congress's requirements, thereby acting arbitrarily and capriciously, not in accordance with law, and in excess of statutory authority, violating 5 U.S.C. §§ 706(2)(A), (C). Defendants deny that their actions and failures to act have, as alleged by Plaintiffs, violated either 5 U.S.C. § 706(1), or 5 U.S.C. §§ 706(2)(A), (C).

4.   Motions: On August 9, 2019, the parties filed a Joint Motion for Extension of Time to file ADR Certifications, which the Court granted on August 12, 2019. ECF No. 28. On August 22, 2019, the parties filed a Joint Motion to Appear Telephonically at the Case Management Conference. That Motion is pending. If this case is not resolved out of court, the parties anticipate filing cross-motions for summary judgment, as discussed in ¶ 17 below.

5.   Amendment of Pleadings: Plaintiffs filed suit on May 14, 2019, and filed an amended complaint adding plaintiffs on June 27, 2019, with Defendants' consent. Neither party currently anticipates adding or dismissing any plaintiffs, claims, or defenses. The parties agree that any amendments at this stage would require consent or leave of the Court.

6.   Evidence Preservation: The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and do not believe any discovery will be necessary in this case.

7.   Disclosures: These proceedings are exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B)(i).

8.   Discovery: The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and do not believe any discovery will be necessary in this case. These proceedings are exempt from the requirement of a discovery plan under Fed. R. Civ. P. 26(a)(1)(B)(i) and (f)(1).

9.   Class Actions: This case is not a class action.

10.   Related Cases: The parties are not aware of any related cases.

11.   Relief: Plaintiffs seek (1) a declaration that Defendants are in violation of the APA and the Dodd-Frank Act; (2) an order or writ of mandamus compelling Defendants to act promptly to

2

1   issue a Final Rule implementing Section 1071, within a reasonable time as determine by the Court;

2   (3) a declaration of invalidity and vacatur of Defendants' countermanding of Section 1071's

3   requirements on financial institutions; (4) an award of attorneys' fees and costs pursuant to 28 U.S.C.

4   § 2412; and (5) such other and further relief as this Court deems proper. No damages are sought in

5   this case. Defendants seek dismissal of Plaintiffs' complaint with prejudice, costs, and such other

6   relief to which they are entitled.

7

8       12.    <u>Settlement and ADR</u>: The parties have begun discussing settlement possibilities.

9   Plaintiffs currently believe that if a settlement is achievable, it can be reached between the parties

10  through direct settlement negotiations, and that the assistance of a neutral at this time would not

11  materially increase the chances of settlement. Plaintiffs therefore respectfully request that the Court

12  defer making an ADR referral pursuant to ADR L.R. 3–5(d)(3). Defendants believe that referring

13  this case to mediation would promote a settlement.

14      13.    <u>Consent to Magistrate Judge for All Purposes</u>: The parties do not all consent to having

15  a magistrate judge conduct all further proceedings.

16      14.    <u>Other References</u>: The parties do not believe the case is suitable for reference to

17  binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

18      15.    <u>Narrowing of Issues</u>: The parties are not aware of any issues that can be narrowed by

19  agreement or by motion, and do not request bifurcation of any issues, claims, or defenses.

20      16.    <u>Expedited Trial Procedure</u>: The parties do not believe that this case can be handled

21  under the Expedited Trial Procedure of General Order No. 64 Attachment A.

22      17.    <u>Scheduling</u>: The parties propose the following schedule for briefing their cross-

23  motions for summary judgment, with the caveat discussed below:

24

25  • October 11, 2019: Plaintiffs' motion for summary judgment

26  • November 8, 2019: Defendants' combined opposition to Plaintiffs' motion for
    summary judgment and cross-motion for summary judgment

3

1
2

- November 26, 2019: Plaintiffs' combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment

3
4

- December 13, 2019: Defendants' reply in support of their cross-motion for summary judgment.

5

Plaintiffs propose that this briefing schedule be entered whether or not the Court refers the

6

case to mediation. Defendants propose that no schedule be entered if the Court refers the case to

7

mediation, but agree with this schedule if the Court defers making a referral.

8
9

18.     Trial: If this case is not resolved out of court, it can be resolved on the parties' cross-

motions for summary judgment and will not require a trial.

10

11

19.     Disclosure of Non-party Interested Entities or Persons: Plaintiffs have filed their

12

Certification of Interested Entities or Persons, and are unaware of any party known to have a

13

disclosable financial interest in the proceeding. Defendants are exempt from LR. 3–15 under L.R. 3–

14

15(a).

15

20.     Professional Conduct: All attorneys of record for the parties have reviewed the

16

Guidelines for Professional Conduct for the Northern District of California.

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT                                                                 Case No.: 4:19-cv-02572-JSW

1

2   DATED: August 22, 2019                    Respectfully submitted,

3                                              */s/ Jeffrey B. Dubner*
                                               Jeffrey B. Dubner (DC Bar No. 1013399)
4                                              (*pro hac vice*)
                                               Nitin Shah (DC Bar No. 156035)
5                                              (*pro hac vice*)
                                               DEMOCRACY FORWARD FOUNDATION
6                                              P.O. Box 34553
                                               Washington, DC 20043
7                                              Telephone: (202) 448-9090
                                               Facsimile: (202) 701-1775
8                                              nshah@democracyforward.org
                                               jdubner@democracyforward.org
9

10                                             Shana E. Scarlett (SBN 217895)
                                               Benjamin J. Siegel (SBN 256260)
11                                             715 Hearst Avenue, Suite 202
                                               Berkeley, CA 94710
12                                             Telephone: (510) 725-3000
                                               Facsimile: (510) 725-3001
13                                             shanas@hbsslaw.com
                                               bens@hbsslaw.com
14
                                               Steve W. Berman (*pro hac vice*)
15                                             1301 Second Avenue, Suite 2000
                                               Seattle, WA 98101
16                                             Telephone: (206) 623-7292
                                               Facsimile: (206) 623-0594
17                                             steve@hbsslaw.com

18                                             *Counsel for Plaintiffs*

19                                             */s/ Lawrence DeMille-Wagman*
                                               Lawrence DeMille-Wagman
20                                             (DC Bar No. 929950)
                                               Senior Litigation Counsel
21                                             email: lawrence.wagman@cfpb.gov
                                               CHRISTOPHER M. DEAL
22                                             (DC Bar No. 990573)
                                               Senior Litigation Counsel
23                                             email: christopher.deal@cfpb.gov
                                               Consumer Financial Protection Bureau
24                                             1700 G Street, N.W.
                                               Washington, D.C. 20552
25                                             Telephone: (202) 435-9582
                                               Facsimile: (202) 435-7024
26

27                                             *Counsel for Defendants*

28

5

CASE MANAGEMENT STATEMENT                                    Case No.: 4:19-cv-02572-JSW