UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA REINVESTMENT COALITION, NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS, DEBORAH LYNN FIELD, and RESHONDA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>KATHLEEN L. KRANINGER, Director, Consumer Financial Protection Bureau, In Her Official Capacity and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | No. 4:19-cv-02572-JSW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

010829-11 1198542V1

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Summary Judgment against Defendants the Consumer Financial Protection Bureau (CFPB) and Kathleen L. Kraninger, in her official capacity as Director of the CFPB (collectively, Defendants). Plaintiffs have moved for summary judgment on Count I of their First Amended Complaint against Defendants under the Administrative Procedure Act, 5 U.S.C. § 706(1), for failing to prescribe rules implementing Section 1071 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact. . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

## III. DISCUSSION

Judicial relief from an agency's failure to act is warranted where (1) the agency has a mandatory duty to act and fails to do so, *In re A Community Voice*, 878 F.3d 779, 784 (9th Cir. 2017), and (2) consideration of the factors announced in *Telecomms. Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), favors relief. Here, CFPB is plainly subject to a mandatory duty to prescribe regulations for the collection and publication of lending data pursuant to Section 1071, *see* 15 U.S.C. § 1691c–2(f), (g)(1), (3), and yet has failed to do so for more than eight years. This lengthy delay is unreasonable and inadequately justified by the agency's desire to pursue its own discretionary policy preferences. Moreover, the delay has substantially injured the public, including Plaintiffs, and effectively countermanded Congress's direction to provide for the collection and publication of these data, the importance of which CFPB has itself acknowledged. As the Plaintiffs credibly testified in their sworn declarations, the delay has caused significant harms,

including (but not limited to) increased time spent searching for a bank that will lend to small, women-owned, and/or minority-owned businesses, in the case of Ms. Field and Ms. Young; the need to conduct expensive proprietary research to make up for CFPB's failure to collect and publish the required data, in the case of the National Association for Latino Community Asset Builders; and impairment of the ability to negotiate with banks to obtain investments in underserved communities, in the case of California Reinvestment Coalition.

Accordingly, judicial relief is warranted and summary judgment is appropriate for Plaintiffs.

## IV.    CONCLUSION

For the foregoing reasons, the Court's ruling is as follows:

Plaintiffs' motion for summary judgment against Defendants on Count I of Plaintiffs' First Amended Complaint is GRANTED.

Defendants are DIRECTED to publish in the Federal Register a final rule implementing Section 1071 of the Dodd-Frank Act within six months of the date of this Order, and to submit status reports to the Court every sixty days updating the Court and Plaintiffs on the status of progress with respect to this rulemaking.

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE