UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA REINVESTMENT COALITION, NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS, DEBORAH LYNN FIELD, and RESHONDA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>KATHLEEN L. KRANINGER, Director, Consumer Financial Protection Bureau, In Her Official Capacity and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | No. 4:19-cv-02572-JSW<br><br>**DECLARATION OF DEBORAH LYNN FIELD** |

DECLARATION OF DEBORAH LYNN FIELD - 1
Case No.: 4:19-cv-02572-JSW

**DECLARATION OF DEBORAH LYNN FIELD**

I, Deborah Lynn Field, declare as follows:

1. The facts in this declaration are based on my personal knowledge.

2. I am the founder, president, and co-owner of Take Notice Card Company d/b/a Paperjam Press, a small family-owned corporation in the Fremont neighborhood of Portland, Oregon. Paperjam Press is a small printing company serving the needs of local customers from a single storefront in Portland.

3. My husband and I have been in the printing business since 1990. From 1990 to 2008, we operated a business-to-business company that that allowed retail stores to offer individualized photo services to customers. At its peak, that company had eight permanent employees and annual sales approaching $1 million.

4. Since we founded Paperjam Press in 2009, we have grown it into a business with four employees and approximately $250,000 in annual revenue.

5. For the past several years, I have been interested in growing the business further by, among other things, expanding the range of services we can offer and engaging in sustained marketing efforts. I took a number of steps to pursue this goal, taking an entrepreneurship course in 2016 and developing a detailed growth plan that involved improving our physical facilities and printing capacity, making targeted marketing expenditures, and developing a social media presence. In order to implement this plan, however, we needed to raise capital.

6. In 2017, I sought a loan from the local community bank where I had conducted my business banking for 7 years. They had rejected me for a loan a few years earlier, but held themselves out as a bank that was good for small businesses.

DECLARATION OF DEBORAH LYNN FIELD - 2
Case No.: 4:19-cv-02572-JSW

7. To ensure that I wouldn't be wasting my time, I provided my basic details to a branch agent and asked for a preliminary analysis of my chances. She told me I was in the ballpark for the amount I was speaking.

8. I then spent a substantial amount of time preparing a comprehensive loan application. I was a corporate accountant for 15 years earlier in my career, so I am quite comfortable with financial statements, balance sheets, tax returns, and the other types of documents needed for a loan application. Nonetheless, it still takes a substantial amount of time to prepare an application for any bank you are contacting for a business loan.

9. I determined that we needed $45,000 to fully implement the steps we believed would best fuel our growth. Although I had estimated that that amount would be best for our business, I sought only $30,000 because I had been informed by trusted peers in the small business community that the bank would be unwilling to extend more capital than that to a small, woman-owned business like Paperjam Press.

10. After I submitted my application, the branch agent who had responded positively to my preliminary information denied my application verbally. I asked why I was turned down, but the bank initially refused to give me any reasons or paperwork. The agent told me my credit score was fine, and after several requests the bank eventually informed me without explanation that they denied my loan application "due to insufficient cash flow."

11. I brought the issue to the bank's Vice President of Small-Business Lending, who told me that they're "not really lending to small businesses anymore." She did not know the reason for that decision. I subsequently met with the Vice President and two higher-ups at the bank, to talk about general concerns regarding their refusal to engage in small-business lending; they never denied their policy or identified anything about my application that made it insufficient.

DECLARATION OF DEBORAH LYNN FIELD - 3
Case No.: 4:19-cv-02572-JSW

12. After seven months of searching for sources of capital, I obtained an economic development loan from Prosper Portland, the city's economic and urban development agency. After I ultimately received the loan from Prosper Portland, I was able to remodel the retail section of our shop, create a new website, rebrand, and advertise to the wedding segment of the printing market, as planned—but my growth plan was set back by the long delay. I have been paying back the loan on schedule without incident.

13. My experience at the community bank matches what I've observed for a number of small business owners in the area. I have seen other business owners similarly struggle to obtain operating capital to sustain and grow their small business, even for thriving small businesses. I know a number of small business owners who have given up in the face of similar obstacles. Based on my experience and those I have observed, it seems to me that my community is a credit desert for small businesses, like so many places around the country.

14. I serve on the Small Business Council for Portland Business Alliance. One of my main goals is to work with the Alliance to advance access to capital for small businesses like mine. Having more data to present to the Council would allow me to better advocate for this goal, as I could show what kinds of companies and owners are getting the majority of money, what demographic or business characteristics lead to denials, and the like.

15. While I can support this anecdotally, through my experiences and others', there is no data I can point to to encourage lenders or government agencies to devote more attention to our area. If I and others small business leaders in our community had information about lending to small and women-owned businesses in our specific market, we could better advocate for banks, business leaders, and state officials to commit more resources to our area.

DECLARATION OF DEBORAH LYNN FIELD - 4
Case No.: 4:19-cv-02572-JSW

16. Data showing which banks considered lending to small business owners would also save me a tremendous amount of time in identifying possible sources of capital, which has been a significant drain on my limited time as a small business owner.

17. Now that we have successfully implemented our 2016 growth plan, we are considering what our next steps will be, both for sustaining our current success and for growing Paperjam Press further. To stay competitive, we want to purchase new equipment that would allow us to market more advanced products, distinguishing ourselves from many small printers and expanding the range of services we can provide and customers we can serve.

18. To pursue these improvements, I have begun pursuing refinancing from another bank. I picked this bank on the basis of recommendations from two women who received loans there. While I would love to shop around and compare offers, that is simply too time-consuming. As a full-time small business owner, I can't justify researching and applying to numerous banks when I know that some of those banks would probably reject my application outright without admitting that they don't lend to small businesses.

19. I understand Section 1071 would produce this kind of data. The length of time it has taken CFPB to require lenders to comply with Section 1071 has been disheartening. If I could count on that data coming out, I could wait to review it and use it to determine which banks are worth my limited time. But after nearly a decade of delay, I don't expect that I can depend on it at all, and will have to proceed on these limited word-of-mouth recommendations.

//

//

//

//

DECLARATION OF DEBORAH LYNN FIELD - 5
Case No.: 4:19-cv-02572-JSW

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.

Dated: October 9, 2019

/s/ Deborah Lynn Field
Deborah Lynn Field

DECLARATION OF DEBORAH LYNN FIELD - 6
Case No.: 4:19-cv-02572-JSW