THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA REINVESTMENT COALITION, NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS, DEBORAH LYNN FIELD, and RESHONDA YOUNG,<br><br>                             Plaintiffs,<br><br>            v.<br><br>KATHLEEN L. KRANINGER, Director, Consumer Financial Protection Bureau, In Her Official Capacity, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>                            Defendants. | Case No. 4:19-cv-02572-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

This Court has before it Plaintiffs' Motion for Summary Judgment, as well as Defendants' Cross-motion for Summary Judgment. In Count I of their First Amended Complaint, Plaintiffs allege that Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 706(1), by failing to prescribe rules implementing Section 1071 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 1691c-2. Plaintiffs have moved for summary judgment on Count I and they seek an order from this Court directing Defendants to publish a final rule implementing Section 1071 within six months. Defendants have cross-moved for summary judgment on Count I, and seek an order dismissing Plaintiffs' Complaint. In their motion for summary judgment, Plaintiffs "withdraw" Count II of their Complaint. ECF No. 42 at 9 n.19. I treat this withdrawal as a request for dismissal under Fed. R. Civ. P. 41(a)(2).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact. . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

## III. DISCUSSION

What Plaintiffs seek here is a form of mandamus. *Independence Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Mandamus against a federal agency is "an extraordinary remedy justified only in exceptional circumstances." *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015). In assessing whether there are such "exceptional circumstances," courts in this circuit use the six-factor test set out by the D.C. Circuit in *Telecommunications*

*Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984). *See In re A Community Voice*, 878 F.3d 779, 786 (9th Cir. 2017). There are six *TRAC* factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

The Court has considered all the *TRAC* factors and none favors mandamus. Under the first factor, the Bureau has already made considerable progress in undertaking the information-gathering necessary to support an informed rulemaking on a complex mandate and has put forward a reasonable plan to ensure the responsible and prompt completion of the Section 1071 rulemaking. As to the second factor, this case arises in the unique statutory context of a new agency assigned multiple mandatory rulemakings at the same time. With respect to the third and fifth factors, although the collection of data contemplated by Section 1071 may be useful in identifying unlawful discrimination and potential development opportunities, this rule does not involve the sort of threat to human health or well-being that have led the Ninth Circuit to find mandamus relief appropriate. Under the fourth factor, expediting completion of the Section 1071 rulemaking beyond the plan put forward by Defendants would interfere with the Bureau's other statutory and regulatory obligations. Finally, there is no indication of impropriety; Defendants have acted in good faith in giving priority to other important regulatory projects, some of which were mandated by Congress within specific time deadlines.

Accordingly, there are no exceptional circumstances justifying the mandatory relief the Plaintiffs seek.

### III. CONCLUSION

For the foregoing reasons, the Court rules as follows:

Plaintiffs' motion for summary judgment on Count I is DENIED.

Defendants' cross-motion for summary judgment on Count I is GRANTED.

Count II is dismissed.

Plaintiffs' Amended Complaint is dismissed with prejudice as to Count I and without prejudice as to Count II.

**IT IS SO ORDERED**

DATED: _____            _____
                                   HONORABLE JEFFREY S. WHITE
                                   UNITED STATES DISTRICT COURT JUDGE