Nitin Shah (DC Bar No. 156035) (*pro hac vice*)
Jeffrey B. Dubner (DC Bar No. 1013399) (*pro hac vice*)
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Facsimile: (202) 701-1775
nshah@democracyforward.org
jdubner@democracyforward.org

*Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

Christopher J. Deal (DC Bar No. 990573)
Lawrence DeMille-Wagman (DC Bar No. 929950)
**CONSUMER FINANCIAL PROTECTION BUREAU**
1700 G Street, N.W.
Washington, D.C. 20552
Telephone: (202) 435-9582
Facsimile: (202) 435-7024
christopher.deal@cfpb.gov
lawrence.wagman@cfpb.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA REINVESTMENT COALITION, NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS, DEBORAH LYNN FIELD, and RESHONDA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>KATHLEEN L. KRANINGER, Director, Consumer Financial Protection Bureau, In Her Official Capacity, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | Case No. 4:19-cv-02572-JSW<br><br>**STIPULATED SETTLEMENT AGREEMENT, AND** [PROPOSED] **ORDER** AND WITHDRAWING MOTIONS FOR SUMMARY JUDGMENT |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between California Reinvestment Coalition, National Association for Latino Community Asset Builders, Deborah Lynn Field, and ReShonda Young (collectively, "Plaintiffs"), and Kathleen L. Kraninger in her official capacity as Director of the Consumer Financial Protection Bureau ("CFPB" or "Bureau") and CFPB (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, Section 1071 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 1691c-2 ("Section 1071"), was enacted to facilitate enforcement of fair lending laws and enable communities, governmental entities, and creditors to identify business and community development needs and opportunities of women-owned, minority-owned, and small businesses;

WHEREAS, the Bureau is required to issue regulations ("Section 1071 Implementing Regulations") to implement Section 1071;

WHEREAS, the Bureau has not issued the Section 1071 Implementing Regulations;

WHEREAS, on May 14, 2019, Plaintiff California Reinvestment Coalition brought this lawsuit seeking an order compelling the Bureau to issue the Section 1071 Implementing Regulations on a prompt and certain timeline;

WHEREAS, on June 27, 2019, a First Amended Complaint was filed, through which Plaintiffs National Association for Latino Community Asset Builders, Deborah Lynn Field, and ReShonda Young were added to this cause;

WHEREAS, the parties, by and through undersigned counsel, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputed claims in this matter;

AND WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and an appropriate way to resolve the disputed claims in this matter;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

**SMALL BUSINESS REGULATORY ENFORCEMENT FAIRNESS ACT PROCEEDINGS**

1. The Bureau shall publicly release an outline of proposals under consideration and alternatives considered, consistent with the Small Business Regulatory Enforcement Fairness Act ("SBREFA"), 5 U.S.C. § 609, with respect to the Section 1071 Implementing Regulations no later than September 15, 2020.

2. The Bureau shall convene a Small Business Advocacy Review ("SBAR") panel no later than October 15, 2020, or, if panel members are not available to convene, as soon as practicable thereafter. If Plaintiffs wish to recommend any entities for consideration for inclusion on the panel, they will do so by May 31, 2020.

3. Under 5 U.S.C. § 609, the SBAR panel is required to complete its report ("SBAR Report") within 60 days of the panel's convening.

**DEADLINE FOR ISSUING PROPOSED RULE**

4. The Bureau will promptly notify Plaintiffs of the completion of the SBAR Report. The parties will thereafter meet and confer regarding an appropriate deadline for issuance of a Notice of Proposed Rulemaking for the Section 1071 Implementing Regulations ("Section 1071 NPRM").

5. To the extent the parties reach an agreement as to the appropriate deadline for issuance of the Section 1071 NPRM, the parties will jointly stipulate to the agreed date and request that the Court enter that deadline.

6. At any time more than 30 days after the completion of the SBAR Report, Plaintiffs may notify the Bureau that they wish to request that the Court set an appropriate deadline for issuance of the Section 1071 NPRM. Within 7 days of such notice, the parties will file a joint statement with the Court identifying each party's position on the appropriate deadline for issuance of the Section 1071 NPRM. Defendants agree not to propose or argue that the Court should not set any deadline. Plaintiffs agree not to propose or seek a deadline of less than 6 months after the date of completion of the SBAR Report. The parties will then file briefs according to the following schedule:

   a. Within 14 days of the parties' joint statement, Defendants will file a submission of up to 10 pages.

STIPULATED SETTLEMENT AGREEMENT,
AND [PROPOSED] ORDER - 2
Case No.: 4:19-cv-02572-JSW

     b.     Within 14 days of Defendants' filing, Plaintiffs will file a responsive submission of up to 10 pages.

     c.     If desired, within 7 days of Plaintiffs' response, Defendants may file a reply submission of up to 5 pages.

7.     Based on these submissions, the parties will request that the Court enter a deadline for issuance of the Section 1071 NPRM.

## DEADLINE FOR ISSUING FINAL RULE

8.     After the conclusion of the comment period on the Section 1071 NPRM, the parties will meet and confer regarding an appropriate deadline for issuance of a final rule for the Section 1071 Implementing Regulations ("Section 1071 Final Rule").

9.     To the extent the parties reach an agreement as to the appropriate deadline for the Section 1071 Final Rule, the parties will jointly stipulate to the agreed date and request that the Court enter that deadline.

10.     At any time more than 75 days after the conclusion of the comment period on the Section 1071 NPRM, Plaintiffs may notify the Bureau that they wish to request that the Court set an appropriate deadline for issuance of the Section 1071 Final Rule. Within 7 days of such notice, the parties will file a joint statement with the Court identifying each party's position on the appropriate deadline for issuance of the Section 1071 Final Rule. Defendants agree not to propose or argue that the Court should not set any deadline. Plaintiffs agree not to propose or seek a deadline of less than 6 months after the conclusion of the comment period for the Section 1071 NPRM. The parties will then file briefs according to the following schedule:

     a.     Within 14 days of the parties' joint statement, Defendants will file a submission of up to 10 pages.

     b.     Within 14 days of Defendants' filing, Plaintiffs will file a responsive submission of up to 10 pages.

     c.     If desired, within 7 days of Plaintiffs' response, Defendants may file a reply submission of up to 5 pages.

11.     Based on these submissions, the parties will request that the Court enter a deadline for issuance of the Section 1071 Final Rule.

**STATUS REPORTS**

12. The Bureau will submit status reports to Plaintiffs and the Court every 90 days, beginning 90 days after the date of filing of this Agreement, until the Bureau has issued the Section 1071 Final Rule. The status reports will detail the Bureau's progress on the Section 1071 Implementing Regulations and describe whether the Bureau is on track to meet any relevant deadlines.

**EXTENSIONS OR MODIFICATIONS**

13. This Agreement and any deadlines specified herein may be modified by written stipulation of the parties to be filed with the Court. Such stipulation shall, by agreement of the parties, automatically extend any deadline until the earlier of (i) the new agreed date, or (ii) the time at which such extension is rejected by the Court.

14. The parties may, by stipulation or joint motion, request modification of any deadlines ordered by the Court.

15. To the extent the parties are unable to agree to a modification of the Agreement or extension of any deadline, any party may apply to the Court for such modification or extension.

16. Barring extraordinary circumstances, any party seeking modification or extension of the Agreement or any deadline determined hereunder shall provide notice to the other parties no less than 21 days prior to filing such motion. The parties will meet and confer in an attempt to resolve any modification or extension request in good faith prior to filing any such motion.

17. If a motion seeking extension of any deadline is filed at least 60 days prior to that deadline's occurrence, the filing of such motion shall automatically extend the deadline for which extension is sought until there has been a dispositive ruling by the Court on the motion.

18. If a motion seeking extension of any deadline is filed at least 21 days before the deadline's occurrence (but less than 60 days before such occurrence), the filing of the motion will automatically extend the deadline for which modification is sought until the earlier of: (i) a dispositive ruling by the Court on the motion or (ii) 30 days after the occurrence of the deadline the

extension of which is being sought. The parties will jointly move the Court to expedite consideration of any motion filed under this Paragraph.

### **MISCELLANEOUS PROVISIONS**

19. All parties shall bear their own fees and costs arising from this litigation and Agreement.

20. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Administrative Procedure Act or any other law or regulation, either substantive or procedural.

21. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have that are not specifically waived or relinquished herein.

22. The terms of this Agreement constitute the entire agreement of the parties, and no statement, agreement, or understanding, oral or written, that is not contained herein, shall be recognized or enforced. Except as may be expressly stated herein, this Agreement supersedes all prior agreements, negotiations, and discussions between the parties with respect to the subject matter addressed herein.

23. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

24. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

25. All parties retain the right to appeal any orders of the Court. In the event that any party elects to appeal an order of the Court, all parties agree to jointly move for expedited treatment of such appeal.

26. Upon approval of this Agreement by the Court, the parties stipulate and respectfully request that the parties' cross-motions for summary judgment be withdrawn.

27. The parties stipulate and respectfully request that the Court retain jurisdiction of this matter to oversee compliance with the terms of this Agreement and to resolve any disputes or motions for extensions or to modify such terms that may arise therefrom. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

28. Upon the Bureau's filing of a status report notifying Plaintiffs and the Court that the Section 1071 Final Rule has been issued, the parties will stipulate to dismissal of this case with prejudice.

DATED: February 25, 2020        Respectfully submitted,

DEMOCRACY FORWARD FOUNDATION

*/s/    Nitin Shah*
Nitin Shah (DC Bar No. 156035) (*pro hac vice*)
Jeffrey B. Dubner (DC Bar No. 1013399) (*pro hac vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Facsimile: (202) 701-1775
nshah@democracyforward.org
jdubner@democracyforward.org

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs*

CONSUMER FINANCIAL PROTECTION BUREAU

*/s/   Christopher J. Deal*
Christopher J. Deal (DC Bar No. 990573)
Lawrence DeMille-Wagman
  (DC Bar No. 929950)
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street, N.W.
Washington, D.C. 20552
Telephone: (202) 435-9582
Facsimile: (202) 435-7024
christopher.deal@cfpb.gov
lawrence.wagman@cfpb.gov

*Counsel for Defendants*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

*/s/ Nitin Shah*
NITIN SHAH

# [PROPOSED] ORDER

Upon consideration of the foregoing, the parties' STIPULATED SETTLEMENT AGREEMENT is hereby **APPROVED** and **ENTERED**. The Court shall retain jurisdiction over this matter to oversee compliance with the parties' Agreement and to resolve any disputes or motions for extensions or to modify such terms that may arise therefrom. The parties' cross-motions for summary judgment are hereby **WITHDRAWN**. The Bureau shall file its first status report on May 26, 2020 and every 90 days thereafter pursuant to the terms of this Agreement.

**IT IS SO ORDERED.**

Dated: February 26, 2020

_____
THE HONORABLE JEFFREY S. WHITE
United States District Court Judge

[PROPOSED] ORDER TO STIPULATED
SETTLEMENT AGREEMENT - 1
Case No.: 4:19-cv-02572-JSW